IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAUL CARTER,

      Petitioner,

v.

      Case No. 3:25-cv-00303-NJR

SUSAN RUDOLPH, WARDEN OF FCI
GREENVILLE,

      Respondent.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Paul Carter filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking First Step Act ("FSA") Time Credits toward the computation of his federal sentence. (Doc. 1). For the reasons set forth below, Carter's petition is denied.

### RELEVANT FACTS AND PROCEDURAL HISTORY

In 2016, Carter was indicted in the Eastern District of Wisconsin on multiple charges arising out of a sex trafficking scheme. *See* Doc. 148, *United States v. Carter*, No. 13-cr-00084 (E.D. Wis.) ("Criminal Case"). Carter ultimately pleaded guilty to four counts of sex trafficking by force, in violation of 18 U.S.C. § 1591(a)(1), and one count of conspiring to commit forced labor and sex trafficking by force, in violation of § 1594(b)–(c). (*Id.*, Docs. 223, 224). The Honorable Lynn Adelman sentenced him to five concurrent terms of 18 years in prison, to be followed by five years of supervised release. (*Id.*, Doc. 232).

Carter presently resides at FCI Greenville, in this district. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited on Mar. 18, 2026). He is scheduled to be released from custody on May 6, 2032. *Id.*

Carter filed his present petition under § 2241 on March 4, 2025. (Doc. 1). He claims that the Bureau of Prisons (BOP) should treat him as eligible to receive FSA time credits against his sentence. He raised the issue administratively through the BOP, but his administrative remedy was denied on the ground that his convictions under § 1591 make him statutorily ineligible for FSA time credits. (*Id.* at p. 23). The Court directed the Warden to respond to Carter's petition. (Doc. 6). She argues the BOP correctly determined that Carter is ineligible for FSA time credits because of his disqualifying sex trafficking conviction. (Doc. 10).

### DISCUSSION

It is well-settled that "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). Despite this delegation of authority, a petition for a writ of habeas corpus under 28 U.S.C. § 2241 may be used to challenge the fact or duration of a petitioner's confinement, *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011); *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005), or the "execution" of the conviction and sentence, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), authorizes the BOP to award prisoners credit toward prerelease custody or supervised release if they

successfully complete certain prison programming. *See* 18 U.S.C. § 3632(d)(4). However, the statute expressly makes certain prisoners ineligible for time credits. Relevant here, the statute excludes prisoners convicted of "[a]ny offense under chapter 77, relating to peonage, slavery, and trafficking in persons, except for sections 1593 through 1596." *Id.* § 3632(d)(4)(D)(xxvii). Carter was convicted on multiple counts of sex trafficking in violation of § 1591, which is an offense under chapter 77. Thus, he plainly is ineligible for FSA time credits. *Accord Justis v. Carter*, No. 23-2115, 2026 WL 59874, at *2 (D. Md. Jan. 7, 2026); *Sarkisov v. Underwood*, No. 24-88, 2025 WL 1640826, at *2 (W.D. Pa. May 5, 2025); *Adams v. Rardin*, No. 24-13001, 2025 WL 792874, at *3 (E.D. Mich. Mar. 12, 2025); *Weeks v. Warden, FCI Berlin*, No. 23-0165, 2023 WL 3661594, at *2 (D.N.H. May 25, 2023).

It makes no difference that each of Carter's § 1591 convictions contain a reference to § 1594(a). (Criminal Case, Docs. 148, 232). That provision expands the scope of § 1591 to include attempts. *See* 18 U.S.C. § 1594(a). Although § 3632(d)(4)(D)(xxvii) does not disqualify inmates convicted under sections 1593 through 1596, it does "nothing to undo [an inmate's] ineligibility under § 1591." *Justis*, 2026 WL 59874, at *2. Furthermore, the facts Carter admitted in connection with his plea agreement, which detail his violent mistreatment and coercion of multiple women, put to rest any argument his convictions were merely attempt crimes. (Criminal Case, Doc. 223-2).

Carter maintains his convictions under 18 U.S.C. § 1591 are not necessarily "crimes of violence." 18 U.S.C. § 16. The argument appears to draw on cases like *United States v. Davis*, 588 U.S. 445 (2019), where the Supreme Court held that a portion of § 924(c)(3)'s definition for a "crime of violence" was unconstitutionally vague. But this argument is

entirely beside the point. Carter's disqualification under § 3632(d)(4)(D) has nothing to do with whether his underlying convictions are or are not crimes of violence. It is sufficient that he was convicted of one of the enumerated crimes.

Carter also mentions the Supreme Court's holding in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024), that courts must "exercise their independent judgment in deciding whether an agency has acted within its statutory authority." The undersigned does not see how that decision helps Carter. Section 3632's plain text excludes offenders, like Carter, who were convicted under § 1591, which is precisely what the BOP determined here.

Finally, Carter describes the rehabilitative programming he has taken advantage of while in BOP custody and states that he has "demonstrated extraordinary rehabilitation." (Doc. 1, p. 8). Carter's progress is commendable and will serve him well. However, it does not alter the Court's conclusion that the BOP correctly assessed that he is categorically ineligible for FSA time credits. [1]

---

[1] Carter's petition also refers to his inability to participate in a pilot program "that will allow the Bureau of Prisons to release to home confinement inmates over 60 years old who have served at least two-thirds of their sentences." (Doc. 1, p. 3). Carter's reply brief and his BOP grievances also vaguely mention the Second Chance Act. (Doc. 11, p. 5). It is not clear to the Court which specific additional program or programs he is challenging here, and "in the absence of any specifics" about how his time credits have been "misapplied and how the misapplication affected him, the Court cannot issue any relief." *Whaley v. Pliler*, No. 22-4680, 2023 WL 7243714, at *4 (S.D.N.Y. Nov. 3, 2023).

The Court anticipates that Carter may be referring to the Elderly and Family Reunification Pilot Program set out at 34 U.S.C. § 60541(g). Under that initiative, Congress directed the BOP to "to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities and placing such offenders on home detention." *Id.* § 60541(g)(1)(A). However, Congress only authorized the program "during fiscal years 2019 through 2023" *id.* § 60541(g)(3). As multiple courts have concluded, the pilot program has expired, so prisoners cannot claim an entitlement to relief under that provision. *See McGinity v. Rardin*, 25-10706, 2026 WL 673554, at *2 (E.D. Mich. Mar. 9, 2026) (collecting cases); *Pisciotta v. Warden F.C.I. Fort Dix*, No. 22-7314, 2025 WL 1166516, at *3 (D.N.J. Apr. 22, 2025). To the

CONCLUSION

Carter has not identified any error in the BOP's determination that he is ineligible for FSA time credits. Accordingly, his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to close this case and enter judgment accordingly.

If Carter wishes to appeal this Order, he must file a notice of appeal with this Court within **60 days** of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). If Carter chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). If Carter files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

It is not necessary for Carter to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  March 19, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**

extent that Carter seeks relief under some other program, he must properly exhaust his administrative remedies with respect to that issue.